[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-12897

Non-Argument Calendar

_____

JAMES HOUSE,

Plaintiff-Appellant,

versus

DEPUY SYNTHES SALES, INC.,
A Foreign Corporation,
DEPUY SYNTHES PRODUCTS, INC.,
A Foreign Corporation,
SYNTHES USA PRODUCTS, LLC,
A Foreign Corporation,

Defendants-Appellees.

———————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:20-cv-00329-JSM-PRL

———————————

Before JILL PRYOR, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

After plaintiff James House allegedly was injured by a defective medical device, he sued the entities that designed, manufactured, and sold the device. The district court, applying the principles of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), excluded testimony from House's expert and then granted summary judgment to defendants DePuy Synthes Sales, Inc.; DePuy Synthes Products, Inc.; and Synthes USA Products, LLC (collectively, "DePuy"). After careful consideration, we affirm.

## I.

House fell from a ladder, breaking bones in both legs. He needed surgery to repair the broken bones. The surgery involved the use of femoral nails to repair both femurs. After surgery, his left femur failed to heal properly. In a second operation, a surgeon removed the nail from House's left femur and replaced it with a

device known as a Variable Angle LCP Curved Condylar Plate, which DePuy designed, manufactured, and sold. The plate was supposed to hold the broken portions of the femur together so that the bone could heal.

About three months after the second surgery, House returned to the hospital complaining of pain. An examination revealed that his broken bone had not healed and the plate had fractured. He needed an additional surgery to remove the plate. After further complications, his left leg was amputated above the knee.

House sued DePuy, bringing strict liability claims for design defect, failure to warn, and manufacturing defect, as well as a negligence claim, all under Florida law. He alleged that the plate was defectively designed because it had a "propensity to break and/or fracture." Doc. 16 at ¶ 23.[1] He also alleged that DePuy had failed to adequately warn of the "true risks" of the plate based on its "increased risk of failure." *Id.* at ¶¶ 34, 38. And he alleged that the plate implanted in his leg was defectively manufactured because it "deviated in a material way from [DePuy's] manufacturing performance standards and/or it differed from otherwise identical products manufactured to the same design formula." *Id.* at ¶ 45. Finally, he alleged that DePuy was negligent in the design, manufacturing, testing, inspecting, distribution, and sale of the plate.

---

[1] "Doc." numbers refer to the district court's docket entries.

During discovery, House identified Richard Waltein as his expert witness. Waltein had earned a bachelor's degree in mechanical engineering and master's degrees in mechanical engineering and metallurgy. He also completed advanced graduate studies in the area of failure analysis. He spent several decades working for a company in the aerospace industry, performing failure analyses to determine what caused systems or parts in aircraft to fail. After retiring from this job, Waltein spent a year working as a consultant for a company developing a spine-related medical device. When a prototype broke during testing, his role was to perform a failure analysis to determine what caused the product to break. He also taught mechanical engineering classes as an adjunct lecturer at a university. He does not consider himself an expert in orthopedics; orthopedic implants; biomedical engineering; biomaterials; or the design, manufacture, or implant of medical devices.

In this case, Waltein inspected the plate and then opined on what caused it to break. He testified that the plate probably fractured as a result of fatigue failure. Because the plate fractured only 84 days after being implanted in House's leg, Waltein concluded that it was inadequately designed for its intended use.

DePuy filed a motion to exclude Waltein as an expert witness. It argued that he was not qualified to testify as an expert regarding the design or manufacture of the plate or appropriate warnings for its use and that his opinions were not the result of a reliable methodology.

21-12897                Opinion of the Court                5

DePuy also filed a motion for summary judgment. It argued that under Florida law, to establish that a product had a design defect, manufacturing defect, or inadequate warnings, a plaintiff has to introduce expert testimony. Because House's only expert was Waltein and his testimony should be excluded, DePuy maintained, it was entitled to summary judgment.

The district court granted DuPuy's motions to exclude Waltein's expert testimony and for summary judgment. The court excluded Waltein's testimony on two grounds: he was not qualified to testify as an expert opining on whether the plate was defective, and his methodology was unreliable. Without any expert testimony to support his products liability claims, the district court concluded, House's claims failed as a matter of law.

This is House's appeal.

## II.

"We review *de novo* the district court's grant of summary judgment, construing the facts and drawing all reasonable inferences in favor of the nonmoving party." *Smelter v. S. Home Care Servs., Inc.*, 904 F.3d 1276, 1284 (11th Cir. 2018). Summary judgment is appropriate if the record gives rise to "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

We review "a district court's decision to exclude an expert's testimony under an abuse of discretion standard." *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291 (11th Cir. 2005). "Because the task of evaluating the reliability of expert testimony is uniquely entrusted to the district court," we give district courts "considerable leeway" in executing this duty. *See id.* (internal quotation marks omitted).

When the order being appealed rests on two or more independent, alternative grounds, the appellant must raise and challenge all of the grounds to succeed on appeal. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). If an appellant fails to challenge on appeal one of the alternative grounds on which the district court based its judgment, he is deemed to have abandoned any challenge, and the judgment is due to be affirmed. *See id.*

### III.

House contends that the district court abused its discretion in excluding Waltein's testimony and that with Waltein's testimony his claims would have survived summary judgment. He argues that the district court abused its discretion in determining that Waltein was not qualified to testify as an expert witness. But he does not address the district court's alternative ground for excluding the testimony: that Waltein's methodology was unreliable. Because House has failed to challenge each independent ground on which the district court based its decision to exclude Waltein's expert testimony, he has abandoned any challenge to

21-12897                Opinion of the Court                7

the testimony's exclusion. The district court's decision is therefore affirmed. *See Sapuppo*, 739 F.3d at 680.

House bases his argument that the district court improperly granted summary judgment entirely on his argument that the court abused its discretion in excluding Waltein's testimony. Thus, having affirmed the district court's order excluding Waltein's testimony, we must also affirm its grant of summary judgment. *See Rink*, 400 F.3d at 1291–97 (affirming grant of summary judgment when plaintiffs were required to introduce expert testimony to establish causation under state law for their tort claims and district court did not abuse its discretion in excluding their experts).

**AFFIRMED.**